# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JEREMY STALLSWORTH, Individually, and on behalf of all others, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:17-cv-04178-NKL ) ) |
| STAFF MANAGEMENT \| SMX SMX, LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs, Doc. 36, and Defendant's Motion to Take Judicial Notice, Doc. 39. For the following reasons, Plaintiff's motion is granted in part and denied in part, and Defendant's motion is granted.

**I.      Background**

In May 2017, Plaintiff Jeremy Stallsworth applied with Defendant Staff Management | SMX for employment at Mars Petcare US, Inc. Plaintiff was hired, placed in a position at Mars Petcare's facility, and attended a four hour orientation session. After orientation, Plaintiff was told that he would receive a phone call notifying him of his start date. When Plaintiff did not receive a phone call within a few days, he contacted the Defendant. Plaintiff learned that the Defendant had obtained a consumer report concerning Plaintiff, which it shared with Mars Petcare, and that he was denied employment with Mars Petcare due to information in the report.

On August 23, 2017, Plaintiff filed this putative class action against Defendant SMX in the Circuit Court of Cole County, Missouri. On that same day, Plaintiff also filed a separate—

but nearly identical—putative class action against Mars Petcare.[1]  Both cases were based on the same events, and alleged violations of the Fair Credit Reporting Act.  On September 21, 2017, the Defendant removed the case to this Court.  On September 28, 2017, Plaintiff filed an amended complaint.  Doc. 7.  On October 12, 2017, Defendant filed a motion to consolidate this case with Plaintiff's suit against Mars Petcare, which is also pending before this Court, as well as a motion to compel arbitration.  Docs. 10, 11.  On November 21, 2017, Plaintiff responded to both motions.  Docs. 27, 29.

On November 30, 2017, just three months after the case was filed, the parties notified the Court that they had reached a settlement.  Plaintiff agreed to accept $5,000, as well as reasonable attorneys' fees and costs, in exchange for a release of his claims against Defendant.  The parties further agreed that they would attempt to reach a consensus regarding the amount of attorneys' fees and costs, but that if they could not, the matter would be submitted to the Court for a ruling.  The parties were unable to reach such an agreement, and thus Plaintiff filed the present motion for attorneys' fees and costs.

**II.     Discussion**

It is undisputed that Plaintiff is entitled to an award of costs and reasonable attorneys' fees under the FCRA.  *See* 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) (providing that a plaintiff may recover costs and reasonable attorney's fees "in the case of any successful action to enforce any liability").  The starting point in determining reasonable attorneys' fees is the lodestar calculation: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).  There is a strong presumption that the lodestar calculation represents a reasonable fee award.  *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

---

[1]     *Stallsworth v. Mars Petcare US, Inc.*, 2:17-cv-04180-NKL.

The party seeking the award must submit documentation supporting the requested amount, making a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. Counsel must exercise "billing judgment," and be mindful that "hours that are not properly billed to one's client also are not billed to one's adversary pursuant to statutory authority." *Id*. (citation omitted). In assessing the amount requested, courts may consider: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to handle the case properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *United Health Care Corp. v. American Trade Ins. Co., Ltd.,* 88 F.3d 563, 575 n.9 (8th Cir. 1996) (citing *Hensley*, 461 U.S. at 434 n.3).

Plaintiff seeks $18,615.00 in attorneys' fees, and $184.47 in costs and expenses. Plaintiff's request is based on a $550 per hour rate for the two attorneys who prosecuted the case, Jason Brown and Jayson Watkins, as well as legal assistant fees at $100 per hour. In support of this motion, Plaintiff submitted itemized time records, declarations from Mr. Brown and Mr. Watkins, and a firm resume. The breakdown of hours and grand total sought are as follows:

|  |  |
|---|---|
| Attorney Brown | 22.4 hours |
| Attorney Watkins | 10.5 hours |
| Legal Assistant Graham | 5.2 hours |
| GRAND TOTAL | 38.1 hours |

The amount that Plaintiff seeks for costs and expenses includes only an initial filing fee, and a service fee.

3

Defendant does not dispute that Plaintiff is entitled to an award of attorneys' fees and costs, or that a lodestar calculation is the appropriate method of determining the amount. Instead, Defendant argues that Plaintiff's requested amount should be reduced because the number of hours counsel recorded is unreasonable, and because the hourly rates are excessive.

### A. Reasonableness of the Number of Hours

Defendant argues that the amount of time that Plaintiff's counsel recorded in this case is unreasonable, and requests that the Court reduce the number of hours by "at least 75%" to account for "obviously inflated time entries." Doc. 38, p. 7. Defendant does not challenge Plaintiff's time spent on substantive filings, but rather objects to Plaintiff's time recorded on "small things," such as emails, calls, and letters. *Id.* Defendant contends that, when aggregated, Plaintiff's time records amount to "death by a thousand cuts." *Id.*

The only specific time entries that Defendant opposes are four .2 hour entries related to the Court's text Orders, two .2 hour entries related to ECF notification emails of Plaintiff's own filings, and a 2.5 hour entry related to travel time that Plaintiff recorded in both cases. Doc. 38, pp. 5-6. Defendant also generally challenges fifty time entries related to emails that each incurred at least a .2 billing entry by one attorney. Defendant contends that Plaintiff's counsel's practice was to record at least .2 hours for every phone call made and every email sent or received. Defendant seeks a uniform reduction of all of Plaintiff's requested hours, arguing that the request is unreasonable because the case was not particularly complex, and because it was resolved in about twelve weeks.

The Court has reviewed the billing records. While Plaintiff requests compensation for 22.4 hours on behalf of Mr. Brown, the records reflect only 20.9 hours, and the Court will only award compensation for time that is supported by documentation. Additionally, the two

4

instances where Plaintiff's counsel recorded time for filing a document on ECF, and then subsequent time reading the automated ECF filing notification email, is unreasonable and will be reduced. Where Plaintiff double billed travel time by recording it in both cases will also be reduced. However, based on the Court's past experience, and without any other objections to specific time entries, the Court finds that Plaintiff's remaining hours are reasonable. That much of Plaintiff's counsel's communications occurred via email is inconsequential, and furthermore, the Court finds that Plaintiff's counsel exercised adequate 'billing judgment." For example, while on some occasions both of Plaintiff's attorneys presumably conferred over the same email, time is only ever billed to one. Moreover, apart from the single instance of double billed travel time, Defendant has not identified any specific overlaps between the two cases that were not adequately taken into account. Indeed, it is apparent from a review of the time records that Plaintiff reduced hours in situations where substantial work in one case could be utilized in the other. For example, Plaintiff's counsel recorded 3 hours drafting a response to Defendant's motion to consolidate in the Mars Petcare case, but only .8 hours on the same motion in this case. While the cases are of course similar, it is not unreasonable that a moderate amount of time was required to tailor the briefing to each case.

Defendant relies on *Stutzka v. McCarville* for the blanket proposition that "where a case is not particularly complex, fees will commonly be reduced." Doc. 38, p. 4 (citing *Stutzka v. McCarville*, 243 Fed. App'x 195, 197 (8th Cir. 2007). *Stutzka*, however, does not stand for such a proposition. There, the plaintiff sought over $100,000 in attorneys' fees after receiving only $200 for a "technical violation" of the Truth in Lending Act (TILA). *Stutzka*, 195 Fed. App'x at 196. The district court, however, awarded only $3,000 in fees, because it found that "most of the time shown in the application was unrelated to the TILA claims." *Id.* The district court based its

5

award only on the time spent on the TILA claims, which it observed "were not complex in nature." *Id.* at 197. The Eighth Circuit affirmed the decision, but noted that it "might have been inclined to make a more generous award . . . ." *Id.* Therefore, *Stutzka* does not hold that it is necessary or appropriate to reduce Plaintiff's request in the present matter.

That this case may not have been particularly complex does not require a reduction in Plaintiff's counsel's modest hours spent on it. As discussed, the Court will reduce Mr. Brown's time by 4.2 hours, and Ms. Graham's time by .2 hours, which results in a total of 28.7 attorney hours and 5 legal assistant hours.

### B. Reasonableness of the Hourly Rate

Defendant also contests the reasonableness of Mr. Brown and Mr. Watkins' requested rate of $550.[2] "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quotation omitted). In deciding upon the appropriate rate, "courts may draw on their own experience and knowledge of prevailing market rates." *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). However, the prevailing market rate is only a starting point. The rate charged should also take into account the experience, skill, and expertise of the attorneys as well as the complexity, significance, and undesirability of the case. *See Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993). *See also Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991) (affirming higher rate, based on comparable nationally prominent federal civil rights counsel, rather than Iowa counsel, because of attorney's status as recognized national expert in civil rights law).

In support of the requested hourly rates, Plaintiff submitted declarations from Mr. Brown and Mr. Watkins, as well as a firm resume. Mr. Brown and Mr. Watkins state that they have

---

[2] Defendant does not contest the hourly rate for legal assistant time.

6

extensive experience in complex and collective action litigation, and represent FCRA clients in the federal courts of Kansas, Illinois, and Missouri, as well as Missouri state courts. Both Mr. Brown and Mr. Watkins are members of the National Association of Consumers Advocates, as well as the National Employment Lawyers Association of Kansas City. For the past five years, the attorneys' practice has concentrated almost exclusively on consumer rights class actions, with a primary focus centered on the FCRA and, more specifically, 15 U.S.C. § 1681b class actions. While both Mr. Brown and Mr. Watkins state that they normally charge $750 per hour, they also state that they generally accept new FCRA cases on a contingent basis. Docs. 36-1 and 36-2. Plaintiff also points to a 2013 Consumer Law Attorney Fee Survey Report, which indicated that the median rate for all consumer attorneys in Missouri was $400, the 75% rate was $515, and the 95% rate was $660.[3] The same report also indicated that in Kansas City the median rate for all attorneys was $400, the 75% rate was $575, and the 95% rate was $695. Finally, Plaintiff argues that the Laffey Matrix, which purportedly represents reasonable fees in the Washington, D.C. area, supports their request. *See http://www.laffeymatrix.com/see.html* (visited May 2, 2018).

Defendant contests Plaintiff's requested rate with the Missouri Attorney Weekly, which issues an annual report on bill rates requested and awarded in Missouri. According to the report, in 2017, the average partner billing rate in Kansas City was $406 per hour, with a maximum of $550 per hour. Doc. 38-1, p. 4. The average practice rate was $373 per hour, also with a maximum of $550 per hour. *Id.* Defendant also points out that the Missouri Attorney Weekly shows that practitioners in small firms outside metropolitan centers simply do not command $550 per hour. *Id.* Defendant also provides an Order from Chief Judge Kays in a separate

---

[3] Plaintiff's counsel does not provide the report that they rely on, but rather present its findings in their declarations. *See* Docs. 36-1 and 36-2. Defendant does not challenge their accuracy.

matter, *Komoroski v. Utility Service Partners Private Label, Inc.*, 4:16-CV-00294-DGK, which awarded an average hourly rate of $270 per hour for attorneys in a consumer class action.[4] Doc. 39, p. 4.

In light of the general rule that a reasonable market rate is the ordinary rate for similar work in the community where the case has been litigated, *Moysis*, 278 F.3d at 828, the Court first observes that the Laffey Matrix is irrelevant in that it applies specifically to Washington, D.C. Furthermore, the Court notes that the $550 hourly rate requested by Plaintiff is well above the Kansas City-area average for all attorneys, $373, and for partners, $406. Plaintiff's request is also significantly above the median rate for all consumer attorneys in Missouri, $400, and the 75% rate for all consumer attorneys in Missouri, which is $515. Moreover, because Plaintiff's counsel takes most cases on a contingency basis, what they charge on an hourly basis is not a good measure.

Based on its experience and knowledge of the local market, the Court concludes that a reduction is necessary, and finds that $450 per hour is a reasonable rate for Mr. Brown and Mr. Watkins in an action such as this. Mr. Brown and Mr. Watkins have specialized expertise in FCRA litigation, which is the primary focus of their practice. Although perhaps this case was not particularly complex, they achieved a good result for their client, and should not be penalized because the litigation was not protracted. The Court's award is also congruent with Judge Crabtree's finding in another FCRA case, *Bailes v. Lineage Logistics, LLC*, 15-2457-DDC-TJJ (D. Kan. Oct. 20, 2017). There, the court concluded that "$450 per hour is a reasonable—albeit high—rate for Mr. Brown and Mr. Watkins . . . ."

---

[4] Defendant moves for the Court to take judicial notice of Chief Judge Kays' Order, pursuant to Federal Rule of Evidence 201. Doc. 39. It is unclear to the Court why judicial notice is necessary, however, as the motion is unopposed, and judicial notice of court orders is permitted, the motion is granted. *See Hood v. United States*, 152 F.2d 431, 535 (8th Cir. 1946) (district courts may take judicial notice of proceedings in other courts).

Accordingly, Mr. Brown and Mr. Watkins shall be compensated at $450 per hour.

## III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Costs, Doc. 36 is granted in part and denied in part, and Defendant's Motion to Take Judicial Notice, Doc. 39, is granted. The amount of fees awarded is $13,415.00 and the amount of costs awarded is $184.47.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 8, 2018
Jefferson City, Missouri